[7] If the appellant, or its grantor, Donohue, or his grantors, the Lockwoods, had been in actual adverse possession continuously for 20 years before the bringing of this present action, there could be no question as to its title; but the adverse possession of the appellant, though begun more than 20 years before this bringing of this action, was not continuous, as it was interrupted by the hostile possession of one Cronin, who went into possession in 1887 and against whom it had brought unsuccessfully an action in ejectment. Thereafter, in 1901, Cronin went out of possession, and the appellant again went in; but the time of possession antecedent to Cronin's hostile possession cannot be tacked to the time when the present possession began in order to fill out the time required by statute for adverse possession to ripen into title. Bliss v. Johnson, 94 N. Y. 235; 1 Cyc. 1000.

This case abounds in troublesome and complicated questions, as is apparent from the continuous litigation which has arisen concerning these lands. The argument presented to this court on this appeal has been so detailed and so elaborate as to require patient examination and thoughtful care as to the numerous points advanced. In this opinion we have discussed but the main features of the case; but we have not overlooked any of the cumulative or incidental arguments advanced. We think we should not be justified in rejecting the findings of the referee as against the weight of evidence to reverse the interlocutory judgment entered thereon.

The interlocutory judgment is affirmed, with costs.

---

### BRYON v. BERNSTEIN et al.

(Supreme Court, Appellate Division, First Department. February 16, 1912.)

DISMISSAL AND NONSUIT (§ 60*)—DELAY IN PROSECUTING.

　　The trial of an action in March resulted in a mistrial. In the following September the action was dismissed for failure to prosecute. In the meantime the summer vacation had intervened and there had been a change of attorneys. Held, that the delay was insufficient to justify the dismissal.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by William J. Bryon against Paul Bernstein and others. From an order dismissing the action for failure to prosecute, plaintiff appeals. Reversed, and motion to dismiss denied.

See, also, 132 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Jonathan Deyo, for appellant.
Nathan Greenbaum (Albert J. Rifkind, of counsel), for respondents.

PER CURIAM. The action was brought to recover damages for injuries alleged to have been sustained by the plaintiff through the

negligence of the defendants. Issue was joined June 2, 1908. The case appeared on the call calendar in February, 1911, and was reached for trial March 13, 1911. The court declared a mistrial and permitted the withdrawal of a juror.

This motion for dismissal of the complaint for failure to prosecute was made September 28, 1911, upon the ground that nothing had been done by the plaintiff since March 13, 1911. It appears that the plaintiff, while walking on the street, was struck on the head by a hammer which he alleges was dropped by an employé of the defendants. Since the mistrial there has been a change of attorneys, and the appellant asserts that he is ready and anxious to go to trial. We think that under the circumstances he should have an opportunity to try his case. As the summer vacation intervened, the delay, from the middle of March, when the first trial was had, until the following October, was not such as to compel the granting of the motion to dismiss.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

ARCHER v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

MORTGAGES (§ 495*)—FORECLOSURE—ORDER OF SALE—MOTION TO RESETTLE.

Where a complaint in an action to foreclose alleges that, after the making of the mortgage by an executor covering all his interest in the estate, the executors named in the will had conveyed a portion of land described as lot No. 10, and the complaint further shows that lot No. 16 is the portion so conveyed, a motion to resettle the order of sale, so as to exclude from such order parcel No. 16, was properly granted, over objections by plaintiff attacking the bona fides of the sale, in that plaintiff was bound by the allegations of the complaint as to the sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. § 495.*]

On motion to resettle order. Granted.

For former opinions, see 147 App. Div. 44, 131 N. Y. Supp. 661; 132 N. Y. Supp. 150.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Harvey De Baun, for the motion.
Fred W. Penny, opposed.

PER CURIAM. As the judgment now stands, after modification in accordance with the order of this court entered herein on the 10th day of November, 1911, there seems to be a conflict in its provisions. It directs a sale of the whole of parcel No. 10, but provides that parcel No. 16, which it seems is a portion of parcel No. 10, should not be sold. In describing so much of the property mortgaged as was owned by Michael A. Archer, one of the parcels was